IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEDRO A. VELOZ, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:15-cv-794 |
| DXP ENTERPRISES, INC. | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, PEDRO A. VELOZ ("Veloz" or "Plaintiff"), on behalf of himself and all other similarly situated employees, files this Complaint against DXP ENTERPRISES, INC. ("DXP" or "Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek while working as a safety supervisor paid on a day rate basis.

2. Plaintiff files this lawsuit on behalf of himself and as a FLSA collective action on behalf of all other similarly situated individuals who work/worked for Defendant as safety supervisors, were paid on a day rate basis, and like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II. THE PARTIES, JURISDICTION AND VENUE

### A. Plaintiff Pedro A. Veloz

4. Plaintiff is a natural person who resides in Webb County, Texas. He has standing to file this lawsuit.

5. Plaintiff is a current employee of Defendant whose dates of employment are approximately April 2014 to present.

### B. Collective Action Members

6. The putative Collective Action Members are all current and/or former safety supervisor employees of Defendant who are/were paid on a day rate basis and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. Because Defendant did not pay all overtime premium compensation to its day rate safety supervisor employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

7. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

### C. Defendant DXP Enterprises, Inc.

8. Defendant is a corporation organized under the laws of the State of Texas.

9. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

10. Defendant's principal place of business, as listed with the Texas Secretary of State, is 7272 Pinemont Drive, Houston, Texas 77040.

11. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

12. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

13. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

14. For example, Defendant employed, and continues to employ, two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, fuel, equipment and supplies/materials used in connection with Defendant's oilfield safety operations in which Plaintiff and the putative Collective Action Members are/were employed.

15. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

16. Defendant may be served with summons through its registered agent, Mac McConnell, 7272 Pinemont Drive, Houston, Texas 77040.

### D. Jurisdiction and Venue

17. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

18. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

19. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

20. Venue is proper in the Houston Division of the United States District Court for the Southern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred within the boundaries of this Division. Furthermore, Defendant has its principal place of business within the boundaries of this Division.

### III.   FACTUAL BACKGROUND

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. Plaintiff is employed by Defendant as a safety supervisor in connection with Defendant's oilfield safety operations in and around South Texas. His primary job duties involve support of Defendant's oilfield safety operations, primarily testing for poison gas (a/k/a/ hydrogen sulfide or $H_2S$) at and around oilfield wellsites.

23. At all material times, Plaintiff was paid a day rate by Defendant. Defendant did not pay Plaintiff on a "salary" or a "fee basis" as those phrases relate to the FLSA.

24. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. However, Defendant did not pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each and every workweek.

25. During times relevant, Defendant employs/employed numerous safety supervisors in connection with its oilfield safety service operations that are/were similarly situated to Plaintiff. Like Plaintiff, those individuals work/worked in connection with Defendant's oilfield

safety operations, are/were paid on a day rate basis, are not/were not paid on a salary or fee basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

## IV.     CONTROLLING LEGAL RULES

26.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

27.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

28.     "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

29.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

30. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e)

31. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

32. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

## V. FLSA CLAIMS

33. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

34. All conditions precedent to this suit, if any, have been fulfilled.

35. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

36. At all relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

37. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

38. Plaintiff and the putative Collective Action Members are/were paid on a day rate basis by Defendant.

39. Plaintiff and the putative Collective Action Members are not/were not paid on a salary or fee basis by Defendant.

40. At material times, Plaintiff and the putative Collective Action Members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

41. Defendant is/was required to pay Plaintiff and the putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

42. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

43. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and the putative Collective Action Members, individually, on a daily and weekly basis. 29 C.F.R. § 516.2 (a)(7).

44. The putative Collective Action Members are/were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 203(e).

45. Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, at all material times, Defendant was aware that Plaintiff and the putative Collective Action Members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiff and the putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

46. Plaintiff and the putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.   FLSA COLLECTIVE ACTION

47. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide

collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

48. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and former safety supervisor employees of Defendant who are/were paid on a day rate basis by Defendant, and who are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

49. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

50. Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

51. Plaintiff demands a jury trial.

## VIII.   DAMAGES AND PRAYER

52. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

    b. All damages allowed by the FLSA, including back overtime wages;

    c. Liquidated damages in an amount equal to back FLSA back wages;

    d. Legal fees;

e. Costs;

f. Post-judgment interest; and

g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Respectfully submitted,

By: <u>s/ Allen R. Vaught</u>
Allen R. Vaught
Attorney-In-Charge
SD TX Bar No. 22757
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFF